JOHN MONROE, Plaintiff in Error, *v.* HUSSEY & BURBANK, Defendants in Error.

*Error to Yamhill.*

An absolute bill of sale, unaccompanied with delivery of the property, is void as against the creditors of the vendor at common law.

THIS cause was adjourned into this court from Yamhill County, for a decision upon the following special verdict:

" On the 9th day of March, 1854, Charles W. Savage,

being indebted to the plaintiff, mortgaged to the plaintiff, in writing, the property mentioned in the complaint, retaining the possession, by plaintiff's consent, which mortgage was never acknowledged, or recorded, or filed in a public office. On the 30th day of October, 1854, the defendants, without knowledge of the mortgage, caused the property to be taken by attachment at this suit, as the property of Savage, for a debt contracted after the giving of the mortgage. The defendants afterwards had notice of that mortgage, and that the plaintiff claimed the property; and after that notice, having obtained a judgment in that suit against Savage, they indemnified the officer; caused the property to be seized in execution, and sold to satisfy their judgment, and became themselves the purchasers of that property at that sale, and converted the same to their own use."

*N. Huber*, for plaintiff in error.

*M. Chinn*, for defendants in error.

WILLIAMS, C. J. Is the law for the plaintiff, or the defendants, upon these facts? When the said mortgage, or bill of sale, for it purports to be an absolute bill of sale, was made, the act of 1853 (*Session Laws of* 1852–3, *page* 65) was in force, which provides that " no bill of sale for the transfer of personal·property shall be valid as against existing creditors, or innocent purchasers, where the property is left in the possession of the vendor, unless the bill of sale be recorded in the auditor's office of the county in which the property is situated, within ten days after such sale shall be made." Defendants, it is said, are not protected by this statute, because they were not "existing creditors" when the bill of sale was made. Admitting that defendants are beyond the purview of said statute, which is not entirely clear, then, without doubt, their rights are to be ascertained and determined by the common law. Chief-Justice Marshall, in the case of *Hamilton* v. *Russell*, 1 *Cond. R.* 318, says, "in some cases a

sale of a chattel, unaccompanied by a delivery of possession, appears to have been considered as an evidence or badge of fraud, to be submitted to the jury under the direction of the court, and not as constituting in itself, in point of law, an actual fraud, which rendered the transaction, as to creditors, entirely void. Modern decisions have taken this question up upon principle, and have determined that an unconditional sale, where the possession does not accompany and follow the deed, is, with respect to creditors, on the sound construction of the *Statute of Elizabeth*, 13, *chapter* 27, a fraud, and should be so determined by the court. He adds, that the said statutes " are only declaratory of the principles of the common law. Justice Story, in the case of *Meeker et al.* v. *Wilson*, 1 *Gallison's R.* 424, says, that " by the common law, a grant or assignment of goods and chattels is valid between the parties, without actual delivery thereof, and the property passes immediately upon the execution of the deed ; but as to creditors, the title is not considered as perfect, unless possession accompanies and follows the deed. The want of possession is considered in some of the authorities as an evidence or badge of fraud to be submitted to the jury ; but the more modern authorities hold it as constituting in itself, in point of law, an actual fraud, which renders the transaction, as to creditors, void."

Judge Story, after stating that it is now fully settled that the said statutes of Elizabeth are only in affirmance of the common law, adds that, upon principle, independent of all authority, it would seem that substantial justice requires that a party, who has a secret transfer of property left in the possession of the original owner, should be held to waive his rights in favor of creditors and public officers, even if the case were not held infected with fraud. " *Virgilantibus non dormientibus leges subservient.*" Here was an unconditional sale by Savage to plaintiff, unaccompanied by possession, and, therefore, we must conclude that it was not good as against defendants, who are attaching creditors. (3 *Co.* 80 ; 2 *T. R.* 587 ; *Hare & Wallace Amer. Leading Cases, vol.*

1, *page* 1.)   Notice of plaintiff's bill of sale to defendants, after the attachment was levied, avails nothing, for their rights relate to, and take effect from, the levy of the attachment.

Judgment for defendants.